# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DOUGLAS L. HUGHES,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0618**  (BOR Appeal No. 2050981)
                          (Claim No. 890061743 )

**ISLAND CREEK COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Douglas L. Hughes, pro-se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Island Creek Coal Company, by Bradley A. Crouser, its attorney, filed a timely response.

The issue on appeal is whether Mr. Hughes's request for consideration of a permanent total disability award was properly denied. On March 24, 2014, the claims administrator denied consideration of a permanent total disability award. The Office of Judges affirmed the decision in its November 9, 2015, Order. The Board of Review affirmed the decision on May 3, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hughes, a coal miner, submitted a letter to the claims administrator on March 17, 2014, advising that he had been totally disabled since January 2, 2004, and requesting the monthly permanent total disability benefits due to him. The claims administrator considered the letter to be Mr. Hughes's application for permanent total disability benefits. On March 24, 2014, the claims administrator denied Mr. Hughes's application for consideration of a permanent total disability award as he failed to meet the statutory threshold required by the West Virginia Code. This appeal followed.

1

Mr. Hughes was awarded 5% permanent partial disability on July 30, 1991, due to occupational pneumoconiosis without impairment. On July 31, 1991, he injured his lumbar spine. He was granted 9% permanent partial disability on June 9, 1992, for the lumbar spine. He also had a 1989 injury for which he was assessed 1% permanent partial disability for the lumbar spine and 2% permanent partial disability for psychiatric impairment. The total of the permanent partial disability awards of 17% does not meet the statutory minimum needed to be considered for a permanent total disability. Mr. Hughes asserted that 17% permanent partial disability total did not take into account the true scope of his injuries and resulting diagnoses.

In its November 9, 2015, Order, the Office of Judges acknowledged Mr. Hughes's concern that he could not have met the statutory threshold because of improprieties in the diagnoses listed in his claims and in the actual impairment evaluation reports in this claim. The impairments assessed for his three claims totaled 17%. The Office of Judges found that Mr. Hughes's concerns and allegations that this claim had been mishandled was addressed by this Court when we affirmed the 9% permanent partial disability award for his lumbar spine.[1] As Mr. Hughes's concerns had been fully addressed, the Office of Judges declined to review them again due to res judicata. The Office of Judges also found that Mr. Hughes would have had to be assessed with 36% impairment due to his June 9, 1989, injury in order reach the statutory threshold. However, he was only assessed 2% impairment for psychological issues and 1% impairment for his lumbar spine due to that injury. Mr. Hughes did not feel wholly compensated for the extent of his injuries by this impairment nor did he believe all of his lumbar conditions had been considered. However, even if that were the case, it would not have made a difference. The Office of Judges determined that the maximum impairment for the lumbar spine under Rule 20 is 28% impairment. Therefore, the Office of Judges determined Mr. Hughes had not proven that he had or should have had 50% permanent partial disability as the result of his three injuries.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on May 3, 2016. After review, we agree. Mr. Hughes submitted a great deal of evidence in support of his position. However, he failed to meet the threshold for consideration of a permanent total disability award. He has only shown a total of 17% impairment. As such, he is not entitled to consideration for a permanent total disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

---

[1] *See Hughes v. Workers' Compensation Division and Island Creek Mining Co.*, No. 23615 (March 31, 1995)(memorandum order).

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker